

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00102-CR

TYRELL DARNELL SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0351X

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Tyrell Darnell Smith appeals from his conviction of burglary of a building. Smith's counsel, Kimberly Miller, has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Smith has indicated his desire to file a pro se response and, in furtherance of that effort, has requested the opportunity to review the record in his case. On October 30, 2014, this Court sent Smith the record filed in this case, which included the following:

1. Clerk's Record;

2. Supplemental Clerk's Record;

3. Court Reporter's Record, volume one (Master Index);

4. Court Reporter's Record, volume two (Trial on Merits);

5. Court Reporter's Record, volume three (Trial on Merits);

6. Court Reporter's Record, volume four (Exhibit Index);

7. State's Exhibit 1.mp3 (9-1-1 digital recording); and

8. Defendant's Exhibit 1

Despite our providing Smith with a copy of the entire appellate record filed with this Court, Smith has persisted in requesting the record, stating that the record provided to him does not include the entirety of the proceedings. On December 22, 2014, Smith filed a motion explicitly setting out those items which he claims have not been provided to him:

1. Sentencing hearing conducted (according to Smith) on March 3, 2014;

2. Hearing on motion for new trial conducted (according to Smith) on May 14, 2014;

3. Post-trial appearance on March 10, 2014; and

4.      Post-trial appearance on May 29, 2014.

Smith indicates that he has requested these items (enumerated above one through four) from his appointed counsel, to no avail.

Although this Court provided Smith with a copy of the 9-1-1 digital recording on October 30, Smith claims that he has not been permitted the opportunity to listen to that recording.  To facilitate Smith's ability to review the entire record, this Court requested the Harrison County Sherriff's Office to provide Smith with a computer to enable him to listen to the 9-1-1 digital recording.  This Court was informed by the Harrison County Sheriff's Office that when provided with the opportunity to listen to the 9-1-1 digital recording, Smith indicated that he released his copy of the recorded telephone call to his father sometime in September 2014; consequently, there was nothing for Smith to review.

We abate this appeal to the trial court to conduct a hearing and determine whether:

1.      Smith desires to continue to prosecute his appeal;

2.      Smith has been provided with the entire record in his case;

3.      Smith has in his possession (or constructive possession through the Harrison County Sheriff's Department) a copy of the 9-1-1 digital recording played to the jury in his case; and

4.      The interests of justice require appointment of new counsel to represent Smith on appeal.

If the trial court determines that the interests of justice require the appointment of new counsel to represent Smith on appeal, the trial court shall proceed with the appointment.  Further,

3

if the trial court determines that the entire record has not been filed with this Court and/or provided to Smith, then the trial court shall immediately order those portions of the record found to be missing to be filed with this Court in the form of a supplemental record and provided to Smith.

The hearing shall be conducted by the trial court within 20 days of the date of this order, on or before January 12, 2015.  The trial court's findings concerning the above matters shall be provided in a supplemental clerk's record.  The supplemental clerk's record and the reporter's record of that hearing shall be prepared immediately, and shall be **received** by this Court, no later than January 22, 2015.  Further, any supplemental clerk's record and/or supplemental reporter's records prepared for the purpose of completing the record on appeal shall likewise be received by this Court no later than January 22, 2015.  No extensions will be granted.

All appellate timetables are stayed pending further notice of this Court.

IT IS SO ORDERED.

BY THE COURT

Date:   December 23, 2014

4